Low
*vs.*
Wyman & a.

---

## Asa Low *vs.* Luke Wyman, principal, and Daniel Blaisdell, trustee.

A pledge by a debtor of all his property to secure the payment of a particular debt, is not an assignment within the meaning of the statute of July 5, 1834, entitled an act for the equal distribution of property assigned for the benefit of creditors.

The trustee in his answer disclosed, that Wyman, the principal, being in failing circumstances, and all his property attached by his creditors which could by law be attached, placed in the hands of the trustee, an attorney, in pursuance of an agreement between the said Wyman and Russell, Shattuck & Co. who had claims against Wyman then in the hands of the trustee for collection, all the rest of his property, being notes and book accounts, as collateral security for the payment of said claims of said company : that the trustee had collected on said notes and accounts more than $200, but not enough to pay said claims; and that a sufficient sum remained in his hands to pay the debt and costs of this suit.

*Perley,* for the plaintiff, contended that the delivery of the notes and accounts to Blaisdell was an assignment within the meaning of the act for the equal distribution of property assigned for the benefit of creditors, and void, because there was no provision for an equal distribution of the property among all the creditors, in equal proportion, according to their respective demands.

RICHARDSON, C. J., delivered the opinion of the court.

The statute of July 5, 1834, provides that no assignment made for the benefit of creditors of any debtor so assigning his property, shall be valid in law except the same shall provide for an equal distribution of all real, mixed or personal estate among the several creditors, in equal proportion ; and the question in this case is, whether the agreement, under which the notes and accounts were placed in the hands of the trustee, is an assignment within the meaning of this statute ?

It has been decided, in the case of the *Meredith Manufacturing Company* vs. *Smith and trustee,* Strafford, December term, 1836, that an assignment made by a debtor, of some particular part of his property, merely for the purpose of paying some particular debt or debts, is not within the statute.

The question now arises, whether a pledge of all a man's property, for the payment of a particular debt, is within the statute ?

We are of opinion that the assignments intended by the statute are general assignments, purporting to convey all the debtor's property to trustees for the benefit of all his creditors who will become parties to the assignment, and assent to the terms upon which it is made.   Previous to the statute, assignments were made to trustees for the benefit of creditors, in which all the property of the debtor purported to be assigned, when it was not all in fact assigned, by

which creditors were deceived and defrauded. And it often happened that provision was made that certain favored creditors were to be first paid in full, and the residue to be distributed among the other creditors.

The statute was intended to prohibit such assignments. It therefore provides that no assignment shall be valid until the person making it shall make oath that he has assigned, and the true intention of the assignment is to place in the hands of the assignees all his property of every description which is not by law exempted from attachment. It also provides for an equal distribution of all the property assigned, among all the creditors in equal proportion, according to their respective claims.

The statute could never have been intended to embrace a mortgage or a pledge of any or all of a man's property for the security of a particular debt. A debtor has an undoubted right to convey all his property to one of his creditors in satisfaction of his debt. The statute was not intended to prohibit such a preference. And if he can convey all his property in satisfaction of a particular debt, there seems to be no sound reason why he should not be permitted to pledge all his property to secure the payment of such debt.

In this case, the notes and accounts were placed in the hands of the trustee, to be collected and the money applied to the payment of a particular debt. It was in its nature a pledge of the notes and accounts, with a power to collect them and pay the debt for which they were pledged.

We are, therefore, of opinion that this case is not within the intent of the statute, and that the trustee is not chargeable on account of any money in his hands, which he collected on the notes and accounts put in pledge as aforesaid.